IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 1 4 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-01977-BNB

JOHN NICHOLAS MAHIRKA,

    Plaintiff,

v.

JOHN HICKENLOOPER, Governor,
TOM CLEMENTS, Head of Prisons CDOC,
DAVID ZUPAN, Warden,
LARRY REID, Deputy Director of Prisons,
NURSE CAMACHO, Head of Nurses Here,
CO LT. HASUI,
CO BOURNE, and
CO SERGEANT GONZALUS,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, John Nicholas Mahirka, is a prisoner in the custody of the Colorado Department of Corrections at the Fort Lyon Correctional Facility in Fort Lyon, Colorado. Mr. Mahirka initiated this action by filing *pro se* on the same date two different versions of a Prisoner Complaint (Doc. ##1 and 2) asserting claims pursuant to 42 U.S.C. § 1983. The court must construe the complaints liberally because Mr. Mahirka is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Mahirka will be ordered to file one amended pleading if he wishes to pursue his claims in this action.

The court has reviewed the Prisoner Complaints and finds that they are deficient for several reasons. First, in order to avoid any confusion regarding which pleading is the operative pleading, Mr. Mahirka must assert a single amended complaint that raises all of the claims he wishes to pursue in this action.

The Prisoner Complaints also are deficient because Mr. Mahirka fails to provide an address for each named Defendant. Instead, Mr. Mahirka provides addresses only for Defendants Hickenlooper, Clements, and Zupan. The addresses are necessary to serve the complaints properly.

Most importantly, the Prisoner Complaints are deficient because they do not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together,

Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Mahirka asserts essentially the same three claims for relief in each complaint but he fails to set forth a short and plain statement of each claim showing that he is entitled to relief. More specifically, Mr. Mahirka fails to identify the constitutional right allegedly violated in connection with each asserted claim, he fails to provide a clear and concise statement of the factual basis for each asserted claim, and he fails to identify what claim or claims he is asserting against each named Defendant. Instead, Mr. Mahirka makes vague and conclusory allegations regarding an incident on March 4, 2011, when he broke his arm after falling in a bathroom without explaining specifically who has violated his rights, how his rights have been violated, and what each Defendant did that allegedly violated his rights. Therefore, Mr. Mahirka will be ordered to file an amended complaint that provides a short and plain statement of each claim he is asserting if he wishes to pursue his claims in this action.

Mr. Mahirka is advised that, in order to state a claim in federal court, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Mahirka also is advised that § 1983 "provides a federal cause of action

against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). Therefore, Mr. Mahirka should name as Defendants in his amended complaint only those persons that he contends actually violated his federal constitutional rights.

Because Mr. Mahirka has named a number of supervisory officials as Defendants, the Court also emphasizes that personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Mahirka must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). With respect to the supervisory officials, a Defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 129 S.

4

Ct. at 1949). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

Finally, Mr. Mahirka has filed on August 18, 2011, a letter to the court (Doc. #20), which has been docketed as a motion, asking the court to obtain certain records of the March 4 incident as well as his medical records and also requesting an order directing prison officials to stop unspecified harassment and retaliation. The liberally construed motion will be denied without prejudice because the records Mr. Mahirka seeks is a matter properly addressed during discovery and his allegations of harassment and retaliation are vague and conclusory. Accordingly, it is

ORDERED that Mr. Mahirka file, **within thirty (30) days from the date of this order**, an amended Prisoner Complaint that complies with the pleading requirements of Fed. R. Civ. P. 8(a) as discussed in this order. It is

FURTHER ORDERED that Mr. Mahirka shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Mahirka fails to file an amended Prisoner Complaint that complies with this order within the time allowed, the action will be dismissed without further notice. It is

FURTHER ORDERED that the motion (Doc. #20) filed on August 18, 2011, is

denied without prejudice.

DATED at Denver, Colorado, this 14th day of September, 2011.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01977-BNB

John Nicholas Mahirka
Prisoner No. 52957
Fort Lyon Correctional Facility
PO Box 1000
Fort Lyon, CO 81038

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on September 14, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
           Deputy Clerk